UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 14-61952-CIV-COHN/SELTZER

ANDREW M. GEARY,

     Plaintiff,

v.

CAROLYN W. COLVIN, Acting
Commissioner of Social Security,

     Defendant.

_____/

## ORDER

**THIS CAUSE** has come before the Court upon the Report and Recommendation

DE [20] of the Magistrate Judge recommending that the Motion for Summary Judgment

of the Claimant, Anthony Geary ("Claimant") DE [16] be denied, that the

Commissioner's Motion for Summary Judgment DE [17] be granted and the

Commissioner's decision be affirmed. The Claimant has filed an Objection to the

Magistrate's Report DE [21], arguing that the administrative law judge ("ALJ")

mistakenly accepted the opinion of one psychologist over that of another psychologist

who conducted a neuropsychological evaluation.

Procedural Background.

Claimant filed this action pursuant to 42 U.S.C. § 405(g) seeking review of the

Commissioner's decision denying his claim for Social Security disability insurance

benefits and supplemental security income. The Claimant and the Commissioner filed

cross-motions for summary judgment, which the Court referred to the Magistrate Judge

for report and recommendation pursuant to 28 U.S.C. § 636. The Magistrate Judge

concluded that the Commissioner's decision was supported by substantial evidence and, as stated above, recommended that the Court affirm the decision and grant summary judgment in favor of the Commissioner.

When, as here, the Claimant files an objection to the Magistrate Judge's Report, the Court must make a *de novo* review and determine whether the Commissioner applied the proper legal standards and whether the factual findings are supported by substantial evidence.  *Crawford v. Comm'r of Soc. Sec.,* 363 F.3d 1155, 1158 (11th Cir. 2004).  The Court may not decide the facts anew, or re-weigh the evidence or substitute its judgment for that of the Commissioner.  *Bloodsworth v.  Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983).  The Court must uphold the Commissioner's decision if it is supported by substantial evidence.  *Phillips v. Barnhart*, 357 F.3d 1232, 1240 n.8 (11th Cir. 2004).

Claimant's History.

At the time of his application for benefits, Claimant was a 36 year old male with a GED.  He previously worked as a bartender, but stopped working in August, 2007, when the night club shut down. He sustained a brain injury  on September 28, 2008, as a result of a rollover ATV accident.  The accident caused him to lose consciousness. Claimant sustained facial, sinus and skull fractures which did not require surgical treatment.   CT scans of the Claimant's brain were consistent with a diffuse axonal injury and a small left lateral intraventricular hemorrhage as well as a left frontal intraparenchymal hemorrhage.  Following admission to the hospital, Claimant's urine and toxicology reports were presumed positive to cannabinoids, opiates and

benzodiazepines.  He was hospitalized until October 8, 2008, and was then transferred to a rehabilitation unit where he was treated until November 5, 2008.  Upon discharge, Dr. Ivan Nugent opined that Claimant required only "minimal" assistance with his memory.

In June 2010, Claimant was incarcerated for an offense that occurred some time before the ATV accident.  The initial mental health assessment done on June 16, 2010, showed good concentration and good immediate, recent and remote memory.  During monthly mental health examinations in jail, psychiatrist Perez Beauvil and nurse practitioner Florence Keane observed that Claimant had intact recent and remote memory in each of the months of July, August, September, October, November and December, 2010.

From January through August, 2011,  Claimant obtained psychiatric services at Henderson Mental Health Center as part of a drug court treatment program.  The record contains no evidence of drug use by the Claimant since 2011.  Psychiatrists Hernan Pabon and Karl Backman at Henderson did not identify any problems with Claimant's memory or concentration.   Dr. Backman described Claimant's concentration and recent and remote memory as adequate.  The record contains no evidence of additional mental health treatment after August, 2011.

Claim History.

Claimant filed  for Social Security disability insurance benefits on June 29, 2011, and for supplemental security income on June 29, 2011, claiming disability since the date of the ATV accident.  On August 25, 2011, state agency psychological consultant Dr. Heather Hernandez reviewed the record and determined that Claimant had mild

limitations in activities of daily living, social functioning, and maintaining concentration, persistence, or pace.  On reconsideration, state agency psychological consultant, B. Lee Hudson, made the same findings.  Claimant's requests for disability insurance benefits and supplemental security income were initially denied on September 15, 2011, and on reconsideration on January 10, 2012.   On January 26, 2012,  Claimant requested a hearing.

The Office of Disability Determinations referred Claimant to psychologist Dr. Edwina Hamilton Bell for a general clinical evaluation with mental status and a general intellectual evaluation (MSE, WAIS-IV), as well as assessment and completion of the Mental Functional Capacity Form.  Dr. Bell evaluated the Claimant on May 20, 2013.  Dr. Bell found a "moderate" cognitive impairment based on the Claimant's total score on the Mini-Mental Status Examination (MMSE) .  Testing revealed Claimant's immediate memory was intact but that Claimant had short-term memory deficits along with difficulties in concentration, attention, and computation.  Dr. Bell noted that Claimant was able to read and obey simple commands and to follow a three-stage command, from which  Dr. Bell concluded Claimant had no apparent difficulties in following simple or complex instructions.  Dr. Bell also recommended a complete neuropsychological evaluation in order "to identify other brain-related deficits and to inform treatment."

In June 2013, Dr. Bell completed a Medical Source Statement explaining Claimant's brain injury had negatively affected his working memory and processing speed.  She opined that Claimant had "mild" limitations in his ability to understand, remember and carry out simple instructions and make judgments on simple work-related decisions but that Claimant had "moderate" limitations in his ability to

4

understand, remember and carry out complex instructions and make judgment on complex work related decisions. The form defined "mild" as a "slight limitation" where the "individual can generally function well" and defined "moderate" as "more than a light limitation" where the "individual is still able to function satisfactorily."

Another licensed psychologist, Dr. Charles Golden, completed a neuropsychological report on November 7, 2013.  Dr. Golden's report interpreted sixteen tests administered over nine days.  Although Dr. Golden reported  slightly lower Full Scale IQ (76) and Processing Speed ( 68) scores than Dr. Bell, other scores on the WAIS-IV administered by Gordon were higher: Perceptual Reasoning (98), Working Memory (83), Verbal Comprehension (91).  Dr. Golden noted that Claimant could adequately comprehend the evaluation instructions and tasks but had trouble following multi-step instructions. Dr. Golden concluded that Claimant had significant problems with attention, memory, perception, thinking and processing. Dr. Golden opined that Claimant was unable to work due to difficulties with interpersonal skills, poor information processing and avoidant behavior.  He stated that any vocational task that would require Claimant to complete complicated tasks would be impossible for Claimant to complete.  Although the Claimant could learn and follow simple rules and instructions, Dr. Golden opined that Claimant would be unable to complete even "entry level" jobs because such jobs would require one to move quickly and Claimant would either perform at an unacceptably slow pace or would make mistakes.

The ALJ's Decision.

The ALJ followed the five-step sequential evaluation embodied in 20 C.F.R. §§ 404.1520, 416.920.  These steps

include an analysis of whether the claimant: (1) is not engaged in substantial gainful activity; (2) has a severe or medically determinable impairment; (3) has an impairment, or combination thereof, that meets or equals a Listing, and meets the duration requirement; (4) can perform his past relevant work, in light of his RFC; and (5) can make an adjustment to other work, in light of his RFC, age, education, and work experience.

*James v. Comm'r of Soc. Sec.,* 585 Fed. App'x. 758, 762 (11th Cir. 2014), *citing Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1178 (11th Cir. 2011).

The ALJ concluded that  Claimant has not engaged in substantial gainful activity since September, 2008, that Claimant has a severe or medically determinable impairment, i.e., traumatic brain injury, double vision and affective mood disorder, and that Claimant cannot engage in his past work as a bartender.  The ALJ also concluded that Claimant's impairments do not meet  or medically equal the severity of one of the listed impairments in 20 CFR Part 404, Supbart P, Appendix 1, and that considering Claimant's age, education, work experience and residual functional capacity, there are jobs that exist in significant numbers in the national economy that Claimant can perform.  Accordingly, the Commissioner denied Claimant's application for benefits.

Discussion.

Claimant contends that if the ALJ had given more weight to Dr. Golden's findings and less weight to Dr. Bell's findings, she would have necessarily concluded that Claimant's impairments were marked, not moderate.  The Court has reviewed the ALJ's findings, the evidence in the record and the applicable law and respectfully disagrees with Claimant's position.

In making her determination, the ALJ reviewed the medical evidence in its entirety and found "that when considered individually or in combination, the claimant's impairments do not meet or equal the level of severity set forth in any of the listed impairments."  DE [13], p. 22.  In order to fall within the listed impairments, the mental impairment must be "marked" in at least two of the following: marked restrictions of activities of daily living, marked difficulties in maintaining social functioning; marked difficulties in maintaining concentration, persistence, or pace; or repeated episodes of decompensation, each of extended duration. 20 C.F.R. §§ 404.1520a and 416.920(a). "To meet a Listing, the claimant must meet all of the specified medical criteria, and an impairment that fails to do so does not qualify no matter how severely it meets some of the criteria."  *Himes v. Comm'r of Soc. Sec.* 585 Fed. App'x 758, 762 (11th Cir. 2014), *citing Sullivan v. Zebley*, 493 U.S. 521, 530, 110 S.Ct. 885, 107 L.Ed.2d 967 (1990).

The ALJ found that Claimant suffers from mild restrictions of daily living and moderate difficulties in social functioning and maintaining concentration, persistence or pace. As to the activities of daily living, the ALJ noted that the Claimant testified that he takes care of his personal hygiene needs, performs household chores and prepares simple food to eat.  The Claimant cares for and walks his dog regularly and visits the grocery store, albeit with company.  As to social functioning, the ALJ reported that Claimant was friendly, cooperative and polite, talked on the phone with his family every day, but had very few opportunities for social interaction, which he admitted was his preference.  And finally, the ALJ's conclusion of moderate impairment of concentration, persistence or pace, was based upon prior medical reports and Dr. Bell's report of Claimant's efforts to follow instructions and put forth best effort during her examination.

The opinion of the Commissioner that a claimant is not disabled must be upheld if it is supported by substantial evidence.  42 U.S.C. § 405(g).  Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  *Richardson v. Perales*, 402 U.S. 389, 401, 91 S.Ct. 1420, 28 L.Ed.2d 842 (1971), *quoting Consolidated Edison Co. v. NLRB,* 305 U.S. 197, 229, 59 S.Ct. 206, 83 L.Ed. 126 (1938).  In addition, it is the function of the Commissioner, not the courts, to resolve conflicts in the evidence and to assess the credibility of the witnesses.  *Grant v. Richardson,* 445 F.2d 656 (5th Cir. 1971); *Di Franco v. Colvin*, 2013 WL 4494124 (M.D. Fla. Aug. 20, 2013).  "Similarly, it is the responsibility of the Commissioner to draw inferences from the evidence, and those inferences are not to be overturned if they are supported by substantial evidence."  *Di Franco*, * 2, *citing Celebrezze v. O'Brient*, 323 F.2d 989, 990 (5th Cir. 1963).

The ALJ set forth a well-reasoned decision and explanation of why she afforded more weight to Dr. Bell's conclusions than to Dr. Golden's.  The ALJ determined that many of Dr. Golden's conclusions were based on the Claimant's subjective reports. The ALJ largely discounted the Claimant's subjective complaints because they were not consistent with the objective medical findings in the record,  the doctors' observations of the Claimant or the Claimant's own descriptions of his daily activities.  In addition, the ALJ found that Dr. Golden's findings regarding vocation and ability to work exceeded his authority and impinged on the authority of the Commissioner.  Finally, the ALJ found that Dr. Bell's findings were most consistent with the findings of the health care providers who had treated Claimant between 2008 and 2011.  (Not incidentally, the ALJ

also relied on the fact that the Claimant had not received or sought any treatment for any impairments since 2011.)

Claimant argues that because Dr. Bell suggested that a neuropsychological evaluation be done, the ALJ should have necessarily afforded more weight to the conclusions of Dr. Golden. This is unpersuasive. Both Dr. Bell and Dr. Golden found that Claimant has cognitive impairments; they differed in their assessments of the severity of the impairments. The ALJ's conclusion that Dr. Bell's assessment of severity is more consistent with the objective findings and with Claimant's own daily activity level is supported by substantial evidence. For this reason, the finding by the Commissioner that Claimant was not under a disability, as defined in the Social Security Act, from September 28, 2008 through January 27, 2014, must be affirmed. Accordingly, it is hereby

**ORDERED AND ADJUDGED** as follows:

1. Claimant's Objection DE [21] to the Magistrate's Report and Recommendation is **OVERRULED.**

2. The Report and Recommendation to the District Judge DE [20] is **APPROVED AND ADOPTED.**

3. The Claimant's Motion for Summary Judgment DE [16] be and the same is **DENIED.**

4. The Commissioner's Motion for Summary Judgment DE [17] be and the same is **GRANTED.**

5.      This cause is **DISMISSED WITH PREJUDICE**.  The Clerk of Court is

directed to **CLOSE** this case and **DENY AS MOOT** any pending motions.

**DONE AND ORDERED** in Chambers, Fort Lauderdale, Florida, this 17th day of

November, 2015.

_____
JAMES I. COHN
United States District Judge